■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL A. CUNNINGHAM, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County, imposed December 14,

1978, upon his conviction of attempted robbery in the second degree, upon his plea of guilty, the sentence being an indeterminate term of imprisonment with a maximum of five years. Sentence affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Gulotta, J. P., Cohalan and Martuscello, JJ., concur.

Shapiro, J., dissents and votes to hold the appeal in abeyance pending receipt of an updated probation report, with the following memorandum: Although I realize that my dissent here has no pragmatic value—since there can be no appeal—I nevertheless cannot in good conscience join in this court's affirmance of the five-year sentence in this case. At the time he was sentenced, on December 14, 1978, the defendant was a 16-year-old high school student. He has been at liberty since then as a result of a stay of execution granted by the sentencing Judge. The record shows that the defendant had never previously been convicted or arrested. While the crime which he committed cannot of course be condoned, it seems clear from the probation report that his act was one of a single aberrational nature. During its commission, one of the victims, an elderly lady, became ill. The defendant, at the request of the lady's husband, went into another room, obtained her medicine and gave it to her. No one was injured as a result of the crime. The Probation Department agreed that the defendant could benefit from "probation supervision", but recommended incarceration "to impress upon the defendant the seriousness of his actions." The defendant has had the impending incarceration hanging over his head for about a year, during which time he has been free and so far as we know is still attending high school. To send him to prison now would serve no useful purpose, would not protect society and would be, it seems to me, a pure act of vindictiveness. Certainly that is not the proper criteria for imposing a prison sentence. Incarceration here would not benefit society and, if past history runs true to form, will teach this young defendant more about the ways and means of committing crimes than he ever dreamt of. Accordingly, I would hold the appeal in abeyance pending the receipt of an updated probation report to see how the defendant has conducted himself since being granted a stay.